### FRED MILLER BREWING CO. v. GAUDIO et al.

No. 2994. Decided May 8, 1917. Rehearing denied June 21, 1917.
(165 Pac. 786.)

1. PRINCIPAL AND SURETY—EVIDENCE—BURDEN OF PROOF. In an action against the surety of a buyer to recover an alleged balance due for merchandise sold, the burden was on the plaintiff to show that the purported statement of account between it and the buyer was correct, more especially where it is seeking to establish a liability on the part of the surety, who has properly controverted plaintiff's allegations of the buyer's indebtedness to it. (Page 69.)

2. PRINCIPAL AND SURETY—EVIDENCE—SUFFICIENCY. Evidence *held* to justify a finding that the plaintiff failed to prove any indebtedness owing to it by the buyer for which the surety was liable. (Page 69.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by Fred Miller Brewing Company against Joseph Gaudio and others. The action was prosecuted against defen-

dant C. H. Denhalter alone, the other defendants not being served with process.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Skeen & Skeen* for appellant.

*Hancock & Barnes* for respondent.

CORFMAN, J.

This was an action brought in the district court of Salt Lake County to recover a balance alleged to be due for merchandise sold and delivered under a written agreement between the plaintiff and the defendant Gaudio, secured by a bond contemporaneously executed on the part of the other defendants as sureties guaranteeing performance and payment on the part of the defendant Gaudio. The complaint, in substance, alleges that on the 7th day of August, 1911, plaintiff and the defendant Gaudio entered into a written agreement whereby the plaintiff was to sell the defendant Gaudio merchandise on credit, not exceeding $1,000 in amount, in pursuance of which plaintiff had sold and delivered to the said defendant on credit merchandise of the value of $706.43, which sum is due and owing; that the defendants Whittaker and Denhalter are personally, jointly, and severally answerable therefor on a bond guaranteeing payment of said indebtedness; that payment of said amount was demanded of the defendant Gaudio; and that the same has not been paid by the defendants or either of them. The agreement and bond are attached to the complaint as exhibits and made a part thereof. Plaintiff prays judgment for $706.43, interest, and costs.

The separate answer, of the defendant C. H. Denhalter is, in effect, a specific denial upon the ground of want of information and belief, and an affirmative defense alleging that the plaintiff has not complied with Comp. Laws 1907, section 352, as amended by chapter 101, Laws 1915, relative to foreign corporations doing business within the state by reason of its failing to file certified copies of its articles of incorporation

and by-laws with the secretary of state and with the county clerk of Salt Lake County; that the plaintiff had failed to use due diligence to collect from the defendant Gaudio; and that the bond had expired before the indebtedness sued upon was incurred. The defendants Gaudio and Whittaker were not served with process, and the action was prosecuted against the defendant Denhalter alone.

A trial to the court without a jury resulted in findings and judgment in favor of the defendant. Plaintiff appeals from the judgment.

Numerous errors are assigned, but for a proper determination of plaintiff's appeal it will not be necessary for us to discuss and pass upon all of them here, or other than the finding of the trial court:

"That the plaintiff has failed to prove that there is any balance due it from the said Joseph Gaudio, or that there was any balance due it from said Joseph Gaudio at the time of the filing of the complaint herein."

At the trial, pursuant to stipulation, the deposition of C. J. Smith, a witness on behalf of plaintiff, was read wherein he testified that the plaintiff was a corporation organized under the laws of the state of Wisconsin; that it had no branch office or representative located in the state of Utah; and that he was an employee traveling and soliciting trade for it. The plaintiff offered to introduce in evidence a purported statement of the account sued upon and complains of the trial court's refusal to receive it. The only evidence submitted to the trial court to prove the correctness of this statement was that of the witness C. J. Smith, concerning which he testified as follows:

"Mr. Barnes: I would like to interpose a question here. Did you make this statement out? A. No, sir. * * *

"Mr. Skeen: I will ask you whether or not you had any conversation with Mr. Joseph Gaudio with respect to the balance he owed to your company, the Fred Miller Brewing Company, along in October, 1912? A. Yes, sir. Q. State what that conversation was. A. In regard to his account—his indebtedness to the Fred Miller Brewing Company? Q. Yes. A. At that time I had with me a statement from the brewery

for collection against Mr. Gaudio. I believe after that he failed and moved somewhere down in Illinois. Q. Well, how did you discuss with him the amount that was due to your company, the Fred Miller Brewing Company, at that time? A. At that time I believe he owed us $1,200 or $1,300; I cannot just recollect the amount, but somewhere around $1,200 or $1,300. * * * Q. Have you any memorandum to which you could refer to refresh your recollection and state the amount due at that time? A. I haven't anything in my possession at the present time, except this statement. I do not carry the books along with me from the brewery. They are made up by the bookkeeper and submitted to the agents as being correct. * * * Q. And that was in May? A. In May, 1912. Q. Do you know as to what payments have been made since? A. Nothing, except by referring to the statement. * * * Q. Can you state the total amount of goods furnished by your company to Joseph Gaudio pursuant to the contract set out as Exhibit A here, and which Joseph Gaudio received at Salt Lake prior to the month of May, 1912? A. Well, I could not unless I referred back to this statement. * * *

''Mr. Barnes: And your knowledge as to the amount due is based on Exhibit B, by reference to Exhibit B? A. Yes, sir. Q. The various amounts you have given in this testimony? A. Yes, sir.''

Such was the character of the testimony upon which plaintiff relied, not only for the purpose of proving the correctness of the proffered statement of account rejected by the trial court, but for the purpose of proving its case and to establish a present liability against the defendant as well. The burden was on the plaintiff to show that the account in question was correct, more especially when, as here, it was seeking to establish a liability on the part of a surety having properly controverted the plaintiff's allegation of the defendant Gaudio's indebtedness to it.

After carefully reviewing the record here, we think the trial court's finding that the plaintiff failed to prove any indebtedness owing to it from the defendant Joseph Gaudio is amply justified. In view of the conclusion that the

plaintiff has failed to prove a case, the defense that it had failed to comply with the Utah statutes relating to foreign corporations becomes immaterial, and we here express no opinion upon that subject.

The judgment rendered in favor of the defendant C. H. Denhalter dismissing him from all liability to the plaintiff must be affirmed, with costs.

It is so ordered.

FRICK, C. J., and McCARTY, J., concur.